IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CARL E. DAVIS and<br>COLLEEN R. DAVIS,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP,<br>f/k/a COUNTRYWIDE HOME LOANS,<br>INC., and UNNAMED DOES 1-100,<br><br>Defendants. | CV 16-7-BU-JCL<br><br>ORDER |

Before the Court is Defendant BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans, Inc.'s Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs Carl and Colleen Davis's complaint. For the reasons discussed, the Court deems it appropriate to grant the motion, and dismiss this action.

## I. Introduction

On February 8, 2006, Plaintiff Carl Davis obtained a loan from Countrywide Home Loans, Inc. as memorialized in a Note he signed that date. Carl and Colleen Davis secured the loan with a Deed of Trust they each signed. The Deed of Trust pledged real property that the Davises own in Gallatin County, Montana, to secure the loan. The Davises attached a copy of the Note and the Deed of Trust to their

1

complaint filed in this action.

In 2008, Bank of America became the successor, by merger, to Countrywide Home Loans, Inc.'s interests under the Note and the Deed of Trust, thereby making Bank of America the lender and beneficiary under the subject loan documents.[1] In 2010, an assignment was executed and recorded, on behalf of the lender and beneficiary, purportedly assigning all beneficial interest under the Deed of Trust, and all rights under the Note, to U.S. Bank. (Doc. 8-1 at 2 of 279.)

The Davises allege, however, that in 2009, prior to the referenced assignment, they sent notices to Countrywide Home Loans, Inc. and Bank of America which stated that, in accordance with provisions of the Federal Truth in Lending Act at 15 U.S.C. § 1635, they rescinded their loan transaction memorialized in the Note and the Deed of Trust. The Davises allege Bank of America did not contest, dispute, or otherwise challenge their rescission within the applicable time frame prescribed under the Truth in Lending Act. Thus, they allege they successfully rescinded the transaction.

Nonetheless, Bank of America continued to pursue collection of the debt from the Davises. Specifically, it commenced foreclosure proceedings against the

---

[1] The Court will refer to Defendant BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans, Inc. as "Bank of America" in this Order.

2

Davises and their real property that was subject to the Deed of Trust.

Based on their asserted rescission, the Davises commenced this declaratory judgment action to confirm that their loan transaction with Bank of America was rescinded in 2009. Specifically, they request the Court establish that (1) they hold title to the subject real property, (2) all documents executed by Bank of America relative to the real property after the 2009 rescission are void, and (3) all claims, foreclosures, and foreclosure lawsuits asserted by Bank of America after the 2009 rescission are void. The Davises further request a permanent injunction barring all future claims and debt collection efforts by Bank of America against them. (Doc. 1 at 9.)

But previously, in 2010, and in response to Bank of America's foreclosure efforts, the Davises had commenced an action in state district court identified as *Davis v. BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc. et al.*, Case No. DV 10-544C, filed in the Montana Eighteenth Judicial District Court, Gallatin County. (*See* Doc 8-1.) In that action the Davises advanced claims against Bank of America challenging its procedures and efforts to foreclose on the subject real property, and alleging it was liable for fraud and for violations of the federal Real Estate Settlement Practices Act, 12 U.S.C. § 2601 *et seq.* in connection with the loan transaction and foreclosure proceedings. The Davises

sought compensatory damages, and a declaratory judgment as to the "validity of the loan, [...and] Deed of Trust," and a declaration that "the transaction between [the Davises] and Bank" was void. (Doc. 8-1 at 13 of 279.) Ultimately, however, all of the Davises' claims in that state court action were dismissed with prejudice. (Doc. 8-1 at 63-70 of 279, and 260-268 of 279.)

## II. Applicable Law

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010

4

(9th Cir. 2011).

Because the Davises are proceeding pro se the Court must construe their pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

## III. Discussion

Bank of America moves to dismiss the Davises' complaint on the ground, *inter alia*, that this action is barred under the doctrine of res judicata due to the Davises' prior state court case. For the reasons discussed, the Court agrees.

It is well-established that a federal court must give a state court judgment the same preclusive effect that the judgment would be given by the courts of the State in which the judgment was rendered. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Mack v. Kuckenmeister, CPA, MST*, 619 F.3d 1010, 1016 (9th Cir. 2010). This rule of interjurisdictional preclusion arises from the provisions of 28 U.S.C. § 1738 which state, in relevant part, as follows:

> [J]udicial proceedings [...] shall have the same full faith and credit in every court within the United States [...] as they have by law or usage in the courts of such State [...] from which they are taken.

28 U.S.C. § 1738. *See Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). Thus, in considering the preclusive effect of a state court judgment, section 1738 requires

5

federal courts to apply the law of res judicata as adopted by the State from which the subject judgment emerged. *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010).

The doctrine of res judicata in Montana provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Brilz v. Metropolitan General Ins. Co.*, 285 P.3d 494, 499 (Mont. 2012). "The doctrine is premised on the policy that there must be some end to litigation." *Wiser v. Montana Board of Dentistry*, 251 P.3d 675, 676 (Mont. 2011).

Specifically, res judicata is applicable where the following circumstances exist:

> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz*, 285 P.3d at 501. For the reasons discussed, the Court concludes these elements are satisfied in this case.

Carl and Colleen Davis sued BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans, Inc. in both their prior state court action, and in this

action. And the Davises have prosecuted both this action and their prior action in their capacities as the borrowers and grantors under the Note and Deed of Trust, and in each case they advanced claims against BAC Home Loans Servicing in its capacity as the lender, beneficiary, and creditor on the Note and Deed of Trust.

The subject matter of this action and the subject matter of the Davises' prior state court action are the same. In each action the Davises have challenged the continuing validity of the Note and Deed of Trust, and have argued those transaction documents are void for various legal reasons. In each action the Davises have challenged Bank of America's authority to foreclose on the real property that is the subject of the Deed of Trust.

Next, the issues are the same in each of the Davises' two actions, or at least the cases involve legal issues that could have been raised in the two actions, all of which relate to the same subject matter. Although the Davises now advance a new legal claim for rescission under the Truth in Lending Act which they did not specifically plead in their prior state court action, the doctrine of res judicata is sufficiently broad to preclude claims that they could have brought in that prior action. Because res judicata operates to bar claims that a party already had an "opportunity" to litigate, the doctrine "bars not only issues that were actually litigated, but also those that *could have* been litigated in a prior proceeding."

*Wiser*, 251 P.3d at 679 (emphasis in original) (quoting *State ex rel. Harlem Irrigation District v. Montana Seventeenth Judicial District Court*, 894 P.2d 943, 946 (Mont. 1995)). Thus, for purposes of res judicata, finality is accorded to a judgment entered "as to all issues which could have been properly raised irrespective of whether the particular matter was in fact litigated." *Hall v. Heckerman*, 15 P.3d 869, 872 (Mont. 2000) (citation and quotation omitted).

Here, as a matter of law, the Davises could have advanced their rescission claim under the Truth in Lending Act in their prior state court action. The state and federal courts have concurrent jurisdiction over claims under the Truth in Lending Act. 15 U.S.C. § 1640(e). In particular, state courts have concurrent jurisdiction over rescission claims under section 1635 of the Act. *Caligiuri v. Columbia River Bank Mortgage Group*, 2007 WL 1560623, *4 (D. Or. 2007); and *Blake v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013). Thus, the Davises' section 1635 rescission claim predicated upon a 2009 rescission is one which they could have litigated previously in their 2010 state court action. *See Caligiuri*, at *4 (concluding borrower's subsequent rescission claim against lender in federal court was barred by res judicata due to borrower's prior state court action challenging lender's foreclosure efforts).

Finally, the state court's decision on the Davises' prior state court action is

deemed a final judgment. That action was dismissed with prejudice, and absent an appeal of that decision the dismissal is a final judgment. *See In re Marriage of Schoenthal*, 106 P.3d 1162, 1165 (Mont. 2005). Bank of America asserts the judgment dismissing the Davises' state court claims was final, and the Davises do not contend otherwise.

## IV. Conclusion

Based on the foregoing, the Davises' rescission claim under 15 U.S.C. § 1635 advanced in this action is barred under the doctrine of res judicata. Therefore, IT IS HEREBY ORDERED Bank of America's motion to dismiss is GRANTED, and this action is DISMISSED.

DATED this 10th day of June, 2016.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge